**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **HASTEN C. TAYLOR,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action:** _____. |
| | * | |
| **STATE OF ALABAMA** | * | **JURY TRIAL DEMANDED** |
| **DEPARTMENT OF VETERANS** | * | |
| **AFFAIRS,** | * | |
| | * | |
| **Defendant.** | * | |

**COMPLAINT**

COMES NOW, Plaintiff, HASTEN C. TAYLOR, by and through undersigned counsel, and for her Complaint against the Defendant, the STATE OF ALABAMA DEPARTMENT OF VETERANS AFFAIRS, alleges as follows:

NATURE OF THE CASE

1.      This is a Complaint brought forth by the Plaintiff, Hasten C. Taylor, who was for all relevant time herein an adult, female, resident of Mobile County, Alabama, and employed by the Defendant, the State of Alabama Department of Veterans Affairs.  Plaintiff has been affected by discrimination and retaliation alleged in the claims set forth below and seeks permanent relief from the unlawful discriminatory practices involving the terms and conditions of her employment by the Defendant.  The practices complained were committed by the Defendant in violation of Title VII of the Civil Rights Act of 1964, as amended by the "Civil Rights Act of 1991", 42 U.S.C. §2000e, *et seq.*, as amended ("Title VII") on the basis of sex, sexual harassment, hostile work environment, and retaliation.

## JURISDICTION AND VENUE

2.      The Court has subject matter jurisdiction over this cause of action pursuant to 42 U.S.C. §2000e, *et seq.*, providing for relief against sexual harassment and retaliation.

3.      The Defendant is located and doing business within this judicial district and division. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 42 U.S.C. §2000e, *et seq.*

4.      Plaintiff timely filed a charge of retaliation discrimination with the Equal Employment Opportunity Commission [Attached hereto as Exhibit "A"] and was issued a Notice of Right to Sue ("Right to Sue Letter") on August 11, 2020 [Attached hereto as Exhibit "B"]. Plaintiff timely files this action within ninety (90) days of her Notice of Right to Sue. Plaintiff has fulfilled all other administrative prerequisites to the filing of this action.

## PARTIES

5.      Plaintiff Hasten C. Taylor ("Ms. Taylor") is an adult, female, resident of Mobile County, Alabama and of this judicial district. Plaintiff was employed by the Defendant at all material times hereto. As such, Plaintiff was an "employee" of the Defendant within the meaning of Title VII.

6.      Defendant State of Alabama Department of Veterans Affairs ("Veterans Affairs") does business in the State of Alabama, employs at least fifteen (15) persons, receives federal funds, and otherwise meets the jurisdictional prerequisites of Title VII.

## FACTUAL BACKGROUND

7.      Ms. Taylor is a forty-one year-old female. She began working for Defendant State of Alabama Department of Veteran Affairs on or about August 1, 2015. She was hired as

an Assistant Veterans' Service Officer. She worked in that position assisting Veterans until she was forced to resign in lieu of being terminated on July 23, 2019.

8.      Ms. Taylor has a Bachelor's degree and is a U.S. Army Veteran.

9.      Ms. Taylor has never received any written warnings or written disciplinary actions. She did not receive any performance evaluations in 2018 or 2019.

10.     In late September or early October of 2018, Ms. Taylor was working in the office assisting Veterans when Ms. Latashia M. Love entered the office. Ms. Love was a previous employee, who frequently stopped by to use the office equipment for personal use.

11.     Ms. Taylor was at the counter when Ms. Love came up behind her and slapped her on her rear-end and made a comment regarding her anatomy. Ms. Darlene Corben, a co-worker, was present and witnessed this event. Ms. Corben characterizes it as "smacked and grabbed AVSO Taylor on the bottom." There was a sound that was created by the physical contact.

12.     Ms. Taylor was surprised, embarrassed, sexually humiliated, harassed, assaulted, and violated.

13.     Ms. Taylor spoke to Ms. Lynda Jenkins, district manager for this district and her direct supervisor, of the incident involving Ms. Love that occurred when she entered the office that very day. Ms. Jenkins laughed it off and said that she could not do anything as Ms. Love was not an employee.

14.     The Employee Handbook ("the Handbook") as provided by the employer in the EEOC position statement clearly states on page 13 "Harassment by Non-Employees - Every employee shall be free from harassing behavior in the workplace. No visitor, client, or other

3

employed person shall be permitted to engage in harassment of any employee." See Page 13 of Employee Handbook Attached hereto as Exhibit "C".

15.    The Handbook additionally defines sexual harassment as "including but not limited to:...

> (U)nnecessary touching of an individual, e.g., patting, pinching, hugging or brushing against another person's body."

16.    Ms. Taylor did not ask to be slapped on the rear-end. She was not impeding Ms. Love's access to any office equipment or Ms. Love's egress or ingress. There was no reasonable reason for there to be physical contact, much less an aggressive, intimidating smack. She had an expectation that her employer would adhere to the Handbook and not laugh off the incident.

17.    Not only did the Defendant not follow the Handbook, Ms. Jenkins rehired Ms. Love after the initial sexual harassment incident.

18.    Ms. Taylor became apprehensive and guarded around Ms. Love.

19.    On November 16, 2018, Ms. Love sexually harassed Ms. Taylor again. Ms. Love approached Ms. Taylor from behind and asked if she was wearing jeans and preceded to run her hand up Ms. Taylor's thigh. Ms. Love was clearly able to see what Ms. Taylor was wearing. Ms. Taylor was not engaged in a conversation with Ms. Love about fashion, fabric, or her body. It was completely unprovoked.

20.    Ms. Taylor was humiliated, intimidated, violated, and believed that it would continue.

21.    Ms. Taylor began experiencing panic attacks, weight fluctuations, depression, and insomnia. Additionally, her frequency of migraines increased and the migraines became less responsive to medication.

22.    Ms. Taylor reported the incident in writing to her direct supervisor, Ms. Jenkins, in accordance with the Handbook's ten-day reporting requirement.

23.    Ms. Jenkins issued a Letter of Warning to Ms. Love the day she received Ms. Taylor's complaint.

24.    Ms. Love ceased the physical sexual harassment but continued harassing and intimidating Ms. Taylor.

25.    Ms. Love began a campaign against Ms. Taylor for filing the complaint. Ms. Love commented to another employee that she would get Ms. Taylor fired.

26.    Ms. Love continually tracked Ms. Taylor's breaks, attire, work habits, and actions at work, even though she was not a supervisor and this was not part of her job duties. Ms. Love repeatedly went to Ms. Jenkins, whom she calls "Nanny", with complaints about Ms. Taylor. Ms. Taylor felt harassed and intimidated. Ms. Taylor continued to experience physical manifestations of the psychological harassment and intimidation: panic attacks, bouts of depression, weight fluctuations, insomnia, and increased migraine headaches.

27.    Ms. Taylor complained about Ms. Love's treatment of her and Ms. Jenkin's lack of adequate action to the Commissioner of the State of Alabama Department of Veteran Affairs, W. Kent Davis, in April of 2019.

28.    Commissioner Davis appointed Mr. Wilson, District Manager for District 2, to investigate the situation.

29.    The internal investigation conducted by Mr. Wilson and the State of Alabama Department of Veteran Affairs determined that a hostile work environment existed and recommended actions to address the situation.

30.     Defendant State of Alabama Department of Veterans Affairs was aware of the hostile work environment and did not implement the recommendations in its own internal investigation report nor take actions to protect Ms. Taylor from the continued harassment. Instead, it terminated Ms. Taylor through a forced resignation.

31.     Ms. Love's harassment succeeded in getting Ms. Taylor terminated.  After months of creating a hostile work environment that the Defendant was aware of and failed to address, Ms. Jenkins gave Ms. Taylor an ultimatum: Ms. Taylor could resign or be fired.  Ms. Taylor had full faith and belief that Ms. Jenkins could and would fire her.  Ms. Taylor opted to resign in hopes of obtaining a letter of recommendation to preserve her future employability.  Ms. Taylor had no option.  She would need future employment.

32.     During the ongoing harassment and after Ms. Taylor's termination, Ms. Taylor sought help for mental anguish and emotional distress from a VA social worker and from a psychiatric nurse practitioner.  She continues to receive treatment for her mental health issues.

33.     On August 2, 2019, Ms. Taylor filed a Charge of Discrimination against Defendant State of Alabama Department of Veterans Affairs for retaliation in violation of Title VII.

34.     On August 11, 2020, the Equal Employment Opportunity Commission issued a Notice of Right to Sue to Ms. Taylor.

## COUNT ONE:
## CIVIL RIGHTS ACT OF 1964: TITLE VII
## AS AMENDED BY THE "CIVIL RIGHTS ACT OF 1991"
## SEX HARASSMENT – HOSTILE WORK ENVIRONMENT

35.     Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out herein, anew.

6

36.     The Plaintiff was an employee as defined by 42 U.S.C. §2000 (e)(f) because she was employed the Defendant employer.

37.     The Defendant was an employer within the meaning of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 in that it employed more than fifteen (15) employees for each working day during twenty (20) or more calendar workweeks in the current or preceding calendar year.  See 42 U.S.C. §2000 (e)(b).

38.     The Plaintiff fulfilled all conditions precedent to the institution of this action under Title VII of the Civil Rights Act of 1964, as amended by the "Civil Rights Act of 1991", 42 U.S.C. §2000 *et seq*.

39.     The Plaintiff filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act.  See 42 U.S.C. §2000 e-5(e)(1).

40.     In taking the above actions, the Defendant intentionally and knowingly discriminated against the Plaintiff on the basis of her gender, in violation of Title VII of the Civil Rights Act of 1964.

41.     The Plaintiff is a member of a protected class: female.

42.      The Defendant discriminated against the Plaintiff in terms, conditions, and privileges of employment, as she was exposed to a hostile work environment based on sex.

43.     Co-worker Love sexually harassed the Plaintiff and participated in the inappropriate conduct and speech.

44.     The Defendant condoned and allowed a hostile work environment that resulted from Plaintiff's protected activity.

45.     The conduct was common as it occurred on a daily basis.

46.     The conduct was humiliating and offensive to the Plaintiff.

47.    The conduct was humiliating and offensive to a reasonable person in the Plaintiff's position.

48.    The conduct was so severe and pervasive it materially altered the job of the Plaintiff.

49.    The Defendant ratified the hostile work environment by the district manager ignoring the complaints of the Plaintiff, forcing the Plaintiff to complain outside of the chain of command to request an internal investigation, ignoring the results of the internal investigation, and failing to act upon the recommendations, ultimately resulting in the termination, by forced resignation, of the Plaintiff.

50.    As a proximate cause and cause in fact of said conduct, the Plaintiff was caused to suffer the following injuries and damages: shame, humiliation, embarrassment, stress, anxiety, panic attacks, emotional distress, physical injury, weight fluctuations, insomnia, emotional distress, pain, suffering, mental anguish, significant and negative impact to her career, loss of wages, lost benefits, loss of seniority, loss of retirement, retaliation, attorney's fees, and cost of litigation.

51.    Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964, as amended by the "Civil Rights Act of 1991", Title VII of the Civil Rights Act of 1964, and were taken with malice or reckless indifference to the federally-protected rights of the Plaintiff.

52.    Plaintiff has satisfied all administrative prerequisites to bring this claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

(a) That she be reinstated; or, in alternative,

(b) That she be awarded front pay for the years she would have worked absent Defendant's adverse action;

(c) That the Plaintiff be awarded backpay damages;

(d) That the Plaintiff be awarded injunctive relief;

(e) That the Plaintiff be awarded reasonable attorney's fees, costs of suit and interest;

(f) That the Plaintiff be awarded liquidated and/or punitive damages to deter conduct in the future;

(g) That the Plaintiff be awarded compensatory damages for loss of wages, loss of benefits, physical injury, mental anguish, emotional distress, and embarrassment; and

(h) That the Plaintiff be awarded such other and further relief as the Court deems just and proper.

## COUNT TWO:
## CIVIL RIGHTS ACT OF 1964: TITLE VII
## AS AMENDED BY THE "CIVIL RIGHTS ACT OF 1991"
## SEX HARASSMENT – RETALIATION

53.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out herein, anew.

54.    The Defendant retaliated against the Plaintiff for Plaintiff's acts of objecting to and reporting acts of sexual harassment and continued harassment.  Defendant's actions were taken willfully and with malice or reckless indifference to the federally-protected rights of the Plaintiff.

55.    As a proximate cause and cause in fact of said retaliation, the Plaintiff was caused to suffer the following injuries and damages: shame, humiliation, embarrassment, stress, anxiety, panic attacks, emotional distress, physical injury, weight fluctuations, insomnia, emotional distress, pain, suffering, mental anguish, loss of wages, lost benefits, loss of seniority, loss of retirement, significant and severe impact to her career, attorney's fees, and cost of litigation.

56.    Plaintiff has satisfied all administrative prerequisites to bring this claim.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands the following relief:

(a) That she be reinstated; or, in alternative,

(b) That she be awarded front pay for the years she would have worked absent Defendant's adverse action;

(c) That the Plaintiff be awarded backpay damages;

(d) That the Plaintiff be awarded injunctive relief;

(e) That the Plaintiff be awarded reasonable attorney's fees, costs of suit and interest;

(f) That the Plaintiff be awarded liquidated and/or punitive damages to deter conduct in the future;

(g) That the Plaintiff be awarded compensatory damages for loss of wages, loss of benefits, physical injury, mental anguish, emotional distress, and embarrassment; and

(h) That the Plaintiff be awarded such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY A STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

## **PLAINTIFF'S VERIFICATION**

I hereby attest under penalty of perjury that the Complaint is true and correct.

Hasten C. Taylor

State of Alabama          )
                                  )
County of Mobile          )

    Signed and sworn to before me on the 9th day of November, 2020, by HASTEN C. TAYLOR.



Notary Public

My commission expires:
2/18/23.

> DEBBIE S. AMSBAUGH
> My Commission Expires
> February 18, 2023
> NOTARY PUBLIC

    Respectfully submitted this 9th day of November, 2020.

/s/Thomas M. Loper
Thomas M. Loper (LOPET8947)
ASB #: 8947-O57L
*Attorney for Plaintiff*

LOPER LAW LLC
452 Government Street, Suite E
Mobile, AL 36602
Phone: (251) 288-8308
tloper@loperlawllc.com

**<u>Please Serve Defendant via Certified Mail, Return Receipt Requested as Follows:</u>**

Rear Admiral W. Kent Davis, Commissioner
State of Alabama Department of Veterans Affairs
100 North Union Street, Suite 850,
Montgomery Alabama 36104

Beverly Gebhardt, General Counsel
State of Alabama Department of Veterans Affairs
100 North Union Street, Suite 850,
Montgomery Alabama 36104